[Crim. No. 3633.   First Dist., Div. One.   Sept. 6, 1960.]

## THE PEOPLE, Respondent, v. WILBUR KEITH PERRYMAN, Appellant.

Myron A. Martin, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Peter T. Kennedy, Deputy Attorneys General, for Respondent.

DUNIWAY, J.—Appeal from a judgment of conviction of violation of Penal Code, section 211, robbery. Appellant's sole contention, made through court appointed counsel, is that the evidence is insufficient. This contention is without merit, as a brief recitation of the salient facts will show.

The crime occurred at approximately 9:15 p.m. on May 1, 1958, in the city of Oakland. The victim was on the easterly sidewalk of 29th Avenue, walking north from that street's intersection with East 14th Street, when a man whom she had seen approaching from the north swung around as he passed on her left and threw both of his arms around her. She screamed and her assailant struck her on the cheek, knocking

her to one knee, wrested her purse from her hand and fled in the direction of East 14th Street. She was not dazed by the blow and she saw no one else on the street. When the man was about 50 feet to the south, his victim, still screaming, regained her feet and ran after him. She maintained approximately the 50-foot interval until her quarry cut to the east diagonally across the lot of a gasoline service station located on the northeast corner of East 14th Street, at which time she lost sight of him for a couple of seconds.

Police Officer Holmes, while sitting on his motorcycle in the service station lot, heard screams from the north. After a very few seconds, he saw appellant running south on 29th Avenue and then cutting into the lot. Perceiving the policeman, appellant stopped, pointed in the direction of the screams and announced that there was trouble up there, following which he resumed running east on East 14th Street. The officer moved his motorcycle several feet preparatory to proceeding north on 29th Avenue, when a screaming woman came into view from that direction, prompting him to "put two and two together" and turn his motorcycle down East 14th Street in pursuit of appellant.

Frank Schaefers was walking east on East 14th Street, and had just passed the service station, when a woman started screaming. Looking toward 29th Avenue, he saw appellant run out of the shadows. Appellant had just run through the lot and past him when the victim likewise emerged into view and yelled "stop that man." Schaefers joined in the chase and successfully summoned bystanders further down the street, one of whom tackled appellant.

Appellant was not in possession of the victim's purse. Contents intact, including money in the amount of $25, it was found a short time later on 29th Avenue.

Before the victim joined the group on East 14th Street, appellant told Officer Holmes that he had been running because he did not want to get mixed up in any trouble. When the victim arrived, she evidenced not only a cut and bruised face but smeared lipstick. She had last applied lipstick at approximately 8:50 p.m. Later, Officer Holmes noted on the palm of appellant's right hand what appeared to be lipstick of the same color as that used by the victim. As soon as the victim arrived she asked appellant where her purse was, thus immediately, if inferentially, identifying him.

The victim identified appellant at the trial as the man who had taken her purse, and Officer Holmes stated that after

appellant denied having taken her purse the victim told the policeman that she was positive that appellant was her attacker.

When her inquiries, directed to appellant, concerning the whereabouts of her purse, were met by appellant's assurance that "I didn't do nothing, ma'am," the victim, whom Schaefers considered to be "rather hysterical," "not herself," asked why he was running. Appellant replied, "Because everybody else was running." Schaefers testified that when the victim asked where her purse was, Officer Holmes placed his hand on Schaefers' shoulder and asked whether Schaefers was the culprit. In Schaefers' words: "And she said, 'No, he has on a light shirt.' Or something like that referring to my light shirt and then pointed at the defendant and said he had on a dark shirt like that and then she asked again, 'Where is my purse?' And he said, 'I don't know what you are talking about.'"

On the stand appellant revealed that he had had some reason to know what she was talking about. His version of the incident was that he had continued past the victim upon meeting her on 29th Avenue and was about 50 feet distant from her when he heard a scream and looked back to discern her struggling near some bushes with one or two persons. He had stood transfixed for a brief period of time watching the scuffle, until a woman directly across the street from him began to yell and point at the scene of the attack and at him. Because he had only recently been released from prison and had no desire to become involved in any trouble, he had thereupon taken to his heels.

Appellant argues that the evidence is insufficient to identify him as the criminal. It was dark where the assault occurred, and he contends that the victim only identified him because he was running, and because the officer learned on his radio, and told her, that appellant had a criminal record. The officer's testimony is that he did not tell her. It is of little importance whether the victim was able to see her assailant's features at the time of the robbery. She was positive in her testimony that the man whom she pursued was the robber, and it is manifest that it was appellant whom she pursued. The identification was immediate, direct and positive.

Appellant's arguments would be proper when addressed to a jury. In this court, after conviction, they are unavailing.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.